UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGRANT CLINICIANS NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> RODNEY PLACE, et al., <br><br> Defendants. | No. 2:16-cv-00149-TLN-AC <br><br><br> FINDINGS AND RECOMMENDATIONS |
| ENVISION 4 INTEGRATED TECHNOLOGY, INC., <br><br> Third- Party Plaintiff, <br><br> v. <br><br> RUSSELL JACKSON, an individual, and HIRES SECURITY, LLC, a Georgia Limited Liability Company, and DOES 1-25, inclusive, <br><br> Third Party Defendants. | |

This matter is before the court on the motion of third party plaintiff Envision4 Integrated Technology Inc. ("Envision") for the entry of a default judgment against third party defendants Russell Jackson and Hires Security, LLC ("Jackson"). ECF No. 29. This matter is referred to the

1

undersigned pursuant to Local Rule 302(c)(19). A hearing was heard on this motion on April 19, 2017. ECF No. 32. Jackson did not appear at the hearing. Id. Envision filed supplemental briefing following the hearing. ECF No. 33. Upon full consideration of the record, Envision's motion for default is DENIED without prejudice.

## I. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On January 24, 2016, Migrant Clinicians Network, Inc. ("MCN") filed a Complaint against Rod Place and Envision 4. ECF No. 1. On August 19, 2016, Envision[1] filed an Answer to the Complaint, propounding several affirmative defenses. ECF No. 17. On the same day, a Third Party Complaint was filed by Envision. ECF No. 19. In the Third Party Complaint, Envision stated that in September of 2014, it contracted with MCN to create, develop, and program a computer database. ECF No. 19 at 3. In October of 2014, Envision contracted with Jackson for the programming of this database. Id. Envision alleges that Jackson improperly communicated directly with MCN, and over a period of six to nine months sought additional money, above the contractual agreement, for the completion of work under the contract. Id. at 4. On or about December 2015, Envision alleges that Jackson sent the MCN hard drive to Envision, but demanded an additional $5,000 before it would provide Envision with the password to access the drive. Id. Because Envision does not have the password, Envision alleges it cannot tell whether the project is finished or still in progress. Id.

Jackson, appearing pro se, filed a motion to dismiss the third party complaint on October 25, 2016. ECF No. 23. By Minute Order, the District Judge in this matter terminated the motion to dismiss due to deficiency. ECF No. 24. Since then, Jackson has not made any appearance. On December 12, 2016, Envision filed a request for entry of default as to Jackson, which included proof of service on Russel Jackson and Hires Security, LLC. ECF No. 25. The clerk entered default as to both third party defendants on December 13, 2016. ECF No. 26. On March 2, 2017, Envision filed the pending motion for default judgment. ECF No. 29. A hearing was held on

////

---

[1] Envision asserts that it was sued incorrectly as Envision 4 and Defendant Rodney Place, and should have been sued as Envision 4 Integrated Technology, Inc. ECF No. 17 at 1.

April 18, 2017; Jackson did not attend the hearing. ECF No. 32. At the court's request, Envision filed supplemental briefing on May 2, 2017. ECF No. 33.

## II. ANALYSIS

A. <u>Motion for Default Judgement</u>

It is within the sound discretion of the district court to grant or deny an application for default judgment. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). The complaint's well-pleaded factual allegations "are taken as admitted on a default judgment." <u>Benny v. Pipes</u>, 799 F.2d 489, 495 (9th Cir. 1986). Those well-pleaded factual allegations must be sufficient to establish plaintiff's entitlement to a judgment under the applicable law. <u>See</u> <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388 (9th Cir. 1988) (reversing default judgment on Racketeer Influenced and Corrupt Organizations Act ("RICO") claim where "the complaint fails properly to allege a claim for violation" of RICO); <u>Cripps v. Life Ins. Co. of North America</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) ("claims which are legally insufficient, are not established by default").

The decision to grant or deny an application for default judgment lies within the district court's sound discretion. <u>Aldabe</u>, 616 F.2d at 1092. In making this determination, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In a muti-party case, however, the considerations for entry of default judgment are more complex. Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or **third-party claim**—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court expressly determines that there is no just reason for delay.** Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or

3

> the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. (Emphasis added).

See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (noting that the court has discretion to enter a default judgment as to less than all defendants); Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F. Supp.2d 995, 1010 (N.D. Cal. 2001) ("differing judgments against defendant Tsai and the defaulting defendants would not necessarily be illogical").

While default against fewer than all defendants might be appropriate in some cases, the Supreme Court has warned that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others." Frow v. De La Vega, 82 U.S. 552, 554 (1872). The Ninth Circuit has summarized the Frow standard as follows: "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Investment, 253 F.3d 520, 532 (9th Cir. 2001) (citing Frow, 82 U.S. at 554). The Ninth Circuit has also held "that Frow is not limited to claims asserting joint liability, but extends to certain circumstances in which the defendants have closely related defenses or are otherwise similar situated." United Fabrics Int'l Inc. v. Life N Style Fashions, Inc., 2015 U.S. Dist. LEXIS 158140, *3 (C.D. Cal. Nov. 23, 2015) (citing to In re First T.D. Investment, 253 F.3d at 532).

Here, Envision and Jackson are similarly situated with respect to their liability to plaintiff MCN, and judgment against Jackson at this juncture may impact plaintiff MCN's claims or ability to recover against Envision. MCN does not allege Envision and Jackson are jointly and severally liable; however, Envision raises as an affirmative defense that "the injuries and damages, if any alleged by Plaintiff were either in whole, negligently or otherwise, caused by persons or entities, other than these answering Defendants, and such fact bars any and all liability of these answering Defendants." ECF No. 17 at 2. Although Envision argues in its supplemental brief that there is no just cause for delay in entering judgment against Jackson, it does not waive this affirmative defense, and therefore default judgment against Jackson could conflict with

4

MCN's ability to fully litigate its claims against Envision.  ECF No. 33.  Envision's own supplemental briefing further demonstrates the problem with default judgment at this juncture: damages cannot be assessed until Envision receives the password to the database at issue from Jackson.  Id. at 3.  As Envision itself points out, there are ways to adjudicate the password issue without resorting to piecemeal resolution of this case by default judgment against fewer than all defendants.  Id.  Default judgment is not appropriate under these circumstances.

### IV.  CONCLUSION

For the reasons state above, IT IS HEREBY RECOMMENDED that the motion for default judgment, ECF No. 29, be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 19, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE